UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROY HENDERSON, | Civil Action No. 14-7708 (MCA) |
| Plaintiff, | |
| v. | OPINION |
| UNION COUNTY, N.J., et al., | |
| Defendants. | |

**ARLEO, United States District Judge:**

## I. INTRODUCTION

This matter has been opened to the Court by Plaintiff's filing of a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. The Court previously granted Plaintiff's application to proceed *in forma pauperis*. For the reasons explained below, the Court will dismiss the Complaint as to all Defendants. To the extent Plaintiff can provide facts to cure the deficiencies in the claims the Court has dismissed without prejudice, he may file an Amended Complaint within 30 days of the date of the Order accompanying this Opinion.

## II. FACTUAL BACKGROUND

Plaintiff alleges that a Temporary Restraining Order ("TRO") was entered against him on May 4, 2013 in connection with a domestic violence incident that occurred on May 3, 2013. (*See* ECF No. 1, Complaint at 7.) On May 16, 2013, a judge in the New Jersey Chancery Court, Family Part ("Family Part"), vacated the TRO and dismissed the domestic violence complaint. (*Id.*) The gravamen of Plaintiff's Complaint appears to be that Defendants subsequently pursued criminal charges and an indictment against him despite the fact that the judge in the Family Part had vacated the TRO and dismissed the domestic violence complaint arising from the same

1

incident. (*Id.* at 7-8.) Plaintiff apparently sought dismissal of the criminal indictment, which was denied by the Superior Court on May 4, 2014. (*Id.* at 7.) It is not clear whether Plaintiff was convicted of any criminal charges arising out of the domestic violence incident.

Plaintiff provides no facts about the underlying domestic violence incident or the reasons for the dismissal of the domestic violence complaint in the Family Part. He alleges, however, that the Union County Prosecutor Jason Gareis failed to provide jurors with the "actual facts" from the civil case that presumably would have undermined the criminal case. (*Id.* at 6-8.) Plaintiff also alleges that Assistant Prosecutor Tracy E. Boyd "perist[ed in] prosecuting this civil matter criminally with malice" and disregarded the Prevention of Domestic Violence Act ("PVDA"), court rules, and other statutes. (*Id.* at 6.) Plaintiff further alleges that Detective George Rivera coerced the Grand Jury with his statements and failed to mention the PDVA. (*Id.* at 5.) Plaintiff further alleges that Officer Melissa A. Howell, who investigated the domestic violence incident "did not file an immediate appeal of the [TRO] on Plaintiff's behalf" and that Officer Dariusz Tokarz "was derelict in his duties [and] used the [TRO] as a [b]ootstrap mechanism[.]" (*Id.* at 4.) Finally, Plaintiff alleges that Judge Regina Caulfield, J.S.C., "did not present to Plaintiff any documentation of jurisdiction upon request[.]" (*Id.* at 5.)

Plaintiff seeks damages and a restraining order to prevent Defendants from retaliating against him.

### III.    STANDARD OF REVIEW

Under the PLRA, district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*, *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Complaint must also allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Courts are required to liberally construe pleadings drafted by *pro se* parties. *Tucker v. Hewlett Packard, Inc.*, No. 14-4699 (RBK/KMW), 2015 WL 6560645, at *2 (D.N.J. Oct. 29, 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." *Id.* Nevertheless, pro se litigants must still allege facts, which if taken as true, will suggest the required elements of any claim that is asserted. *Id.* (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013)). To do

3

so, [a plaintiff] must plead enough facts, accepted as true, to plausibly suggest entitlement to relief." *Gibney v. Fitzgibbon*, 547 F. App'x 111, 113 (3d Cir. 2013) (citing *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)). Furthermore, "[l]iberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.' *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

## IV. ANALYSIS

The Court construes Plaintiff to raise claims pursuant to § 42 U.S.C. § 1983.[1] A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, "to state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed or caused by a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The Court will dismiss <u>with prejudice</u> the Complaint as to the Plainfield Police Department. In New Jersey, a municipal police department is not an entity separate from the

---

[1] The Court does not construe Plaintiff to raise any claims arising under state law.

municipality. *See* N.J. Stat. Ann. § 40A: 14-118 (municipal police department is "an executive and enforcement function of municipal government"). As such, the Plainfield Police Department is not a proper defendants in this action. *See Padilla v. Twp. of Cherry Hill*, 110 F. Appx. 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.") (quoting *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)).

The Court will also dismiss the Complaint <u>without prejudice</u> as to Union County. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Instead, it is when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" that the government as an entity is responsible under § 1983. *Id.* (citations omitted). "A government policy or custom can be established in two ways. Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." *Andrews*, 895 F.2d at 1480 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481, (1986)). "A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Andrews*, 895 F.2d at 1480. Here, Plaintiff has not alleged that a policy or custom caused his alleged injuries and his claims against Union County appear to be premised on the County's employment of alleged wrongdoers, which is not a basis for liability under § 1983. As such, the Court will dismiss without prejudice the claims as to Union County.

5

The Court will dismiss the Complaint as to Judge Caulfield for failure to state a claim for relief. It well settled that judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). A "judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of his authority; rather, [s]he will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 357 (citations omitted). Here, Plaintiff has vaguely asserts that Judge Caulfield "did not present to Plaintiff any documentation of jurisdiction upon request[.]"

To the extent Plaintiff is alleging that Defendant Caulfield acted in the clear absence of all jurisdiction, this allegation is conclusory and not entitled to the presumption of truth under *Iqbal*, 556 U.S. at 679 (permitting courts to identify "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"). Defendant has provided no additional facts to support his allegation that Defendant Caulfield lacked jurisdiction over his criminal case. As such, the Complaint is dismissed <u>without prejudice</u> as to this Defendant.

The Court will also dismiss the Complaint as to Prosecutor Defendants Gareis and Boyd on the basis of prosecutorial immunity. "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992); *Schrob v. Catterson*, 948 F.2d 1402, 1417 (3d Cir. 1991); *Rose v. Bartle*, 871 F.2d 331, 345 and n.12 (3d Cir. 1989). Since *Imbler*, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp v.*

*Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted); *see also LeBlanc v. Stedman*, 483 F. App'x 666 (3d Cir. 2012). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the [government], are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

The immunity afforded to prosecutors is very broad and extends to any acts the prosecutor undertakes "as the state's 'advocate,'" *Yarris v. County of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006), and is not defeated by allegations that the prosecutor acted in bad faith, *see Ernst v. Child & Youth Servs.*, 108 F.3d 486, 502 (3d Cir. 1997), or "commit[ted] perjury or falsifie[d] evidence," *Davis v. Grusemeyer*, 996 F.2d 617, 630 n. 27 (3d Cir. 1993), overruled on other grounds by *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998). Prosecutors are also absolutely immune from a civil suit for damages under § 1983 for: (1) instituting grand jury proceedings without proper investigation and without a good faith belief that any wrongdoing occurred, *Schrob*, 948 F.2d at 1411; (2) soliciting false testimony from witnesses in grand jury proceedings, probable cause hearings, and trials, *Burns v. Reed*, 500 U.S. 478, 490 (1991); *Kulwicki*, 969 F.2d at 1467; and (4) the knowing use of perjured testimony in a judicial proceeding, *Imbler*, 424 U.S. at 424-27; *Schrob*, 948 F.2d at 1417; *Brawer v. Horowitz*, 535 F.2d 830 (3d Cir. 1976). "[A]bsolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." *Van de Kamp*, 555 U.S. at 343 (citations omitted) (further holding that a supervisory prosecutor is absolutely immune for failing to adequately train and supervise district attorneys on the duty not to withhold impeachment evidence and the failure to create any system for accessing information pertaining to the benefits provided to jailhouse informants). A falsely-

charged defendant may be "remedied by safeguards built into the judicial system," such as dismissal of the charges. *Kulwicki*, 969 F.2d at 1464.

Here, Plaintiff's allegations against Defendants Gareis and Boyd center on their decision to continue his prosecution and Gareis's failure to present exculpatory evidence to the Grand Jury. Because Defendants Gareis and Boyd are entitled to prosecutorial immunity for their actions in initiating and continuing Plaintiff's prosecution, the Court will dismiss <u>with prejudice</u> the Complaint as to these Defendants on the basis of prosecutorial immunity.

With respect to the remaining Defendants – Defendants Rivera, Howell, and Tokarz – the Court construes Plaintiff to allege a § 1983 claim for malicious prosecution.[2] To plead a claim for malicious prosecution, a plaintiff must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.[3] *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009); *Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013).

---

[2] The Court construes Plaintiff claim that Defendants violated his federal constitutional rights by bringing criminal charges against him after the TRO and domestic violence complaint was dismissed by Family Part judge as a malicious prosecution claim. To the extent Plaintiff also alleges that any of the Defendants violated principles of collateral estoppel as embodied in the Double Jeopardy Clause or state constitutional equivalent when they prosecuted him after the dismissal of the domestic violence complaint in the Family Part, that very argument has been considered and rejected by the New Jersey courts. *See State v. Brown*, 394 N.J. Super. 492, 506-07 (App. Div. 2007) (Neither the collateral estoppel component of the Double Jeopardy Clause nor the doctrine of fundamental fairness precludes the State from prosecuting a defendant indicted for a charge that formed the basis of an unsuccessful domestic violence complaint.)

[3] The remaining Defendants are Detective Rivera, Officer Howell, and Officer Tokarz. Although prosecutors typically initiate proceedings against criminal defendants, liability for malicious prosecution can also attach when "[a] defendant influences a third party to initiate the proceedings." *Bristow v. Clevenger*, 80 F.Supp.2d 421, 432 (M.D. Pa. 2000) (citing *Gilbert v. Feld*, 788 F. Supp. 854, 861 (E.D. Pa.1992)). Notably, a law enforcement officer may be liable

The Court will dismiss <u>without prejudice</u> the malicious prosecution claim against the remaining Defendants because Plaintiff has not alleged that the <u>criminal proceeding</u> arising out of the domestic violence incident terminated in his favor. The favorable termination requirement exists "to avoid 'the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Kossler*, 564 F.3d at 187 (alteration in original) (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). To avoid such a conflicting outcome, the prior disposition of the criminal case must show "the innocence of the accused." *Malcomb*, 535 F. App'x at 186 (citing *Kossler*, 564 F.3d at 186). Here, Plaintiff provides <u>no facts</u> suggesting that the criminal proceeding at issue ultimately terminated in his favor. Indeed, the only facts Plaintiff provides about the outcome of the criminal proceeding acknowledges that his motion to dismiss the indictment was denied. Plaintiff may file an Amended Complaint within 30 days to the extent the criminal proceeding terminated in his favor <u>and</u> he is able to meet the other elements of a malicious prosecution claim.

---

for malicious prosecution where he "influenced or participated in the decision to institute criminal proceedings." *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014) (citing *Sykes v. Anderson*, 625 F.3d 294, 308–09, 317 (6th Cir.2010)); *accord Henderson v. City of Philadelphia*, 853 F.Supp.2d 514, 518 (E.D. Pa. 2012) ( "Although prosecutors rather than police officers are generally responsible for initiating criminal proceedings, an officer may ... be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion.") (citing *Brockington v. City of Philadelphia*, 354 F.Supp.2d 563, 569 (E.D. Pa. 2005)). Because Plaintiff has not pleaded favorable termination, the Court need not address whether he provided sufficient facts to meet the other elements of a malicious prosecution claim.

## V. CONCLUSION

For the reasons explained in this Opinion, the Complaint is dismissed in its entirety. To the extent Plaintiff can cure the deficiencies in those claims the Court has dismissed without prejudice, he may file an Amended Complaint within 30 days. An appropriate Order follows.

_____
Madeline Cox Arleo, U.S.D.J.

Date: __10/26/__, 2017